■ CAROL KASNA et al., Appellants-Respondents, v ADRIANO RODRIGUEZ, Respondent-Appellant. (And a Second Action.) — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from so much of an interlocutory judgment of the Supreme Court, Queens County (Graci, J.), entered March 20, 1981, as upon a jury verdict, adjudged that plaintiff Carol Kasna was 90% liable, and defendant purports to cross-appeal from that part of the interlocutory judgment as adjudged that he was 10% liable. Cross appeal dismissed, without costs or disbursements. The cross appeal was not perfected in accordance with the rules of this court (see *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686). Interlocutory judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. This case involves a two-car collision between a car driven by plaintiff Carol Kasna (plaintiff) eastward on Crocheron Avenue, and a car driven by defendant Adriano Rodriguez northward on 167th Street in Queens. At the trial, Mrs. Kasna testified that as she approached the intersection she looked to her right, saw defendant's vehicle about two car lengths behind a stop sign on 167th Street, and assumed defendant would stop. Defendant testified that he stopped at the stop sign and saw plaintiff's vehicle 40 to 45 feet from the intersection. Defendant decided to proceed through the intersection, but his car "hesitate[d]", and plaintiff's vehicle struck him. Plaintiff had the right to assume that defendant would obey the mandate of the stop sign and stop until she could proceed safely (see *Mansfield v Graff,* 47 AD2d 581; *Casiano v Weinstein & Son Floor Covering Corp.,* 37 AD2d 564). Defendant's obligation was to yield the right of way to any vehicle approaching the intersection "so closely * * *

as to constitute an immediate hazard" (see Vehicle and Traffic Law, § 1142, subd [a]). Defendant's own testimony indicated that he proceeded into the intersection in violation of subdivision (a) of section 1142 of the Vehicle and Traffic Law. Therefore, the jury's verdict, finding that defendant was only 10% liable, was against the weight of the evidence. Hopkins, J.P., Gibbons, Rabin and Cohalan, JJ., concur.