■ EDWIN D. BOLTA, Appellant, v KERRI L. LOHAN et al., Respondents. (And Other Titles.) [661 NYS2d 286] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated November 18, 1996, which denied his motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

We agree with the plaintiff's contention that he demonstrated his entitlement to judgment as a matter of law. The evidence adduced in support of the motion established that after the defendant Kerri L. Lohan brought her vehicle to a stop at a stop sign, she proceeded into the intersection directly into the path of the plaintiff's oncoming car. The defendant Kerri L. Lohan failed to yield the right of way as required (Vehicle and Traffic Law § 1142 [a]). Therefore, the plaintiff demonstrated the defendants' liability as a matter of law (see, Salenius v Lisbon, 217 AD2d 692; Cassidy v Valenti, 211 AD2d 876; Hill v Luna, 195 AD2d 1000). Indeed, under such circumstances it is settled that a driver is negligent where an accident occurs because she has failed to see that which through proper use of her senses she should have seen (see, Safran v Amato, 155 AD2d 653; Olsen v Baker, 112 AD2d 510; see also, Weigand v United Traction Co., 221 NY 39; Milka v Hernandez, 187 AD2d 1031, 1032; Weiser v Dalbo, 184 AD2d 935). Since the plaintiff's car was clearly present, and was visible, the defendant Kerri L. Lohan should have seen it and yielded the right of way. Her failure to do so established her negligence as a matter of law.

In opposition to the plaintiff's prima facie showing, the defendants failed to prove the existence of any genuine issues of material fact that the plaintiff was comparatively negligent or that he could have done anything to avoid the collision (see, Wilke v Price, 221 AD2d 846; Cassidy v Valenti, supra; Hill v Luna, supra). Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been granted (see, Salenius v Lisbon, supra).

We have reviewed the defendants' remaining contentions and find them to be without merit. Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.