■ DIANA ROSSANI et al., Respondents, v MOHAMMAD RANA, Appellant. [779 NYS2d 211]—

In an action to recover damages for personal injuries, etc., the defendant appeals, by permission, from an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 17, 2003, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in his favor on the issue of liability, and granted a new trial.

Ordered that the order is affirmed, with costs.

This case arises from a two-car collision at an intersection. The street where the defendant was driving had a stop sign, while the street where the injured plaintiff was driving had no traffic control device. The defendant violated Vehicle and Traffic Law § 1142 (a) and § 1172 (a) when he entered the intersection without yielding the right of way to the plaintiff, "froze" in the intersection, and blocked the plaintiff's only lane of travel. These violations constituted negligence as a matter of law and could not be disregarded by the jury (*see Klein v Byalik,* 1 AD3d 399 [2003]; *Batal v Associated Univs.,* 293 AD2d 558, 559 [2002]; *Botero v Erraez,* 289 AD2d 274, 275 [2001]; *Dellavecchia v Zorros,* 231 AD2d 549 [1996]). The plaintiff, as the driver with the right-of-way, was entitled to anticipate that the defendant would obey traffic laws which required him to yield (*see Klein v Byalik, supra* at 400; *Batal v Associated Univs., supra*).

On these facts, no fair interpretation of the evidence could have yielded a verdict that the defendant was not negligent, notwithstanding his testimony that the left signal of the plaintiff's vehicle was flashing while it was approaching the intersection (*see Lagana v Fox,* 6 AD3d 583 [2004]; *Batal v Associated Univs., supra.*)

Accordingly, the Supreme Court properly set aside the jury verdict as contrary to the weight of the evidence and granted a new trial (*see* CPLR 4404 [a]; *Batal v Associated Univs., supra; Kasna v Rodriguez,* 84 AD2d 782 [1981]). Santucci, J.P., Townes, Crane and Lifson, JJ., concur.