CLAUDE MELIARENNE, Appellant, v THOMAS PRISCO, Defendant, and DINESH KRIPALIANI, Respondent. [780 NYS2d 30]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated June 3, 2003, as granted that branch of the motion of the defendant Dinesh Kripaliani which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Dinesh Kripaliani established his prima facie entitlement to judgment as a matter of law by presenting undisputed proof that the vehicle driven by the defendant Thomas Prisco proceeded into an intersection, which was controlled by a stop sign, and failed to yield the right-of-way to his approaching vehicle in violation of Vehicle and Traffic Law § 1142 (a) (*see Ali v Tip Top Tows*, 304 AD2d 683 [2003]; *Zelaya v Cappadona*, 294 AD2d 431 [2002]; *Breslin v Rudden*, 291 AD2d 471 [2002]; *Szczotka v Adler*, 291 AD2d 444 [2002]; *Bolta v Lohan*, 242 AD2d 356 [1997]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. In particular, Prisco's estimate that Kripaliani's vehicle was traveling "[m]aybe, around 50 [miles per hour]" was speculative given that Prisco did not see the vehicle until less than one second before the impact (*see Mora v Garcia*, 3 AD3d 478 [2004]; *Ali v Tip Top Tows, supra; Breslin v Rudden, supra; McClelland v Seery*, 261 AD2d 451 [1999]). Similarly, the plaintiff failed to raise a triable issue of fact regarding Kripaliani's alleged failure to take evasive action, in light of Kripaliani's deposition testimony that only a "split second" elapsed between the moment he first observed Prisco's vehicle and the collision (*see Lupowitz v Fogarty*, 295 AD2d 576 [2002]; *Le Claire v Pratt*, 270 AD2d 612 [2000]). Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.