■ SHARIDA ISHAK, Appellant, v EDWIN F. GUZMAN, Respondent. [784 NYS2d 600]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated January 29, 2004, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff was traveling westbound on 89th Avenue and the defendant was traveling southbound on 237th Street in Queens when their vehicles collided at the intersection of those roads. It is undisputed that southbound traffic on 237th Street at that intersection was governed by a stop sign, while there was no traffic-control device on 89th Avenue at that location.

Following the commencement of this action and the conduct of discovery, the plaintiff moved for summary judgment on the issue of liability, contending that the defendant's negligent failure to yield the right-of-way to her approaching vehicle was the sole proximate cause of the accident. The Supreme Court denied the motion. We reverse.

The plaintiff established her prima facie entitlement to judgment as a matter of law by presenting undisputed proof that the defendant proceeded into the intersection and failed to yield the right-of-way to her closely-approaching vehicle in violation of Vehicle and Traffic Law § 1142 (a) (see Morgan v Hachmann, 9 AD3d 400 [2004]; Meliarenne v Prisco, 9 AD3d 353 [2004]). The defendant failed to submit sufficient evidence to raise a triable issue of fact in opposition to the motion. His conclusory assertions that the plaintiff may have been speeding before the collision and may have had time to take evasive action to avoid the accident were completely speculative and were undermined by the evidence in the record (see Meliarenne v Prisco, supra; Szczotka v Adler, 291 AD2d 444 [2002]; Bolta v Lohan, 242 AD2d 356 [1997]). Accordingly, the plaintiff was entitled to summary judgment on the issue of liability. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.