■ GINA BONGIOVI, Appellant, v HOWARD S. HOFFMAN, Respondent. [795 NYS2d 354]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk

County (Cohalan, J.), dated April 1, 2004, which denied her motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Curt, Suffolk County, for a trial on the issue of damages.

On November 14, 2000, the plaintiff's motor vehicle was involved in an accident with the vehicle driven by the defendant Howard S. Hoffman at the intersection of Old Town Road and Linda Street in Setauket. The accident occurred after Hoffman attempted to make a left turn from Linda Street onto Old Town Road. It is undisputed that Hoffman's vehicle was controlled by a stop sign. The plaintiff asserted, inter alia, that Hoffman failed to yield the right of way to her oncoming vehicle. The plaintiff moved for partial summary judgment on the issue of liability, contending that there was no evidence that she was negligent in the operation of her vehicle. The Supreme Court denied the motion. We reverse.

In moving for partial summary judgment, the plaintiff established that the defendant, whose vehicle was controlled by a stop sign, proceeded into the intersection of Linda Street and Old Town Road and collided with her oncoming vehicle, which had the right of way. The plaintiff, as the driver with the right of way, is "entitled to anticipate that the defendant would obey traffic laws which required him to yield" (*Rossani v Rana,* 8 AD3d 548, 549 [2004]). The plaintiff thus demonstrated a prima facie entitlement to judgment as a matter of law (*see* Vehicle and Traffic Law § 1142 [a]; *see also Willis v Fink,* 7 AD3d 519, 520 [2004]; *Rumanov v Greenblatt,* 251 AD2d 566 [1998]). The defendant's opposition to the motion was insufficient to raise a triable issue of fact (*see Bolta v Lohan,* 242 AD2d 356 [1997]). Hoffman admitted to proceeding into the intersection without observing the plaintiff's vehicle. He was obligated to "see that which through proper use of [his] senses [he] should have seen" (*Spatola v Gelco Corp.,* 5 AD3d 469, 470 [2004] [internal quotation marks omitted]; *cf. Bolta v Lohan, supra* at 356). Further, Hoffman failed to demonstrate by admissible evidence that the plaintiff was speeding prior to the accident (*see Breslin v Rudden,* 291 AD2d 471 [2002]). Accordingly, the Supreme Court erred in denying the plaintiff's motion. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.