◼ George McNamara, Jr., et al., Appellants, v Samuel Fishkowitz et al., Respondents. [795 NYS2d 714]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated April 27, 2004, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

On July 5, 2002, the plaintiff George McNamara, Jr., operating a motorcycle, and the defendant Samuel Fishkowitz, operating a station wagon, collided at the intersection of East 46th Street and Avenue L in Brooklyn. Fishkowitz had been driving on East 46th Street, which was controlled by a stop sign at its intersection with Avenue L. McNamara, who was traveling on Avenue L, testified at his deposition that he saw the station wagon approaching the intersection and that it did not stop. He braked as he entered the intersection in an attempt to avoid a collision. Fishkowitz testified at his deposition that he stopped at the stop sign, checked for oncoming traffic, and did not see the motorcycle before the impact.

The trial court erred in denying the plaintiffs' motion for summary judgment on the issue of liability. The plaintiffs

established their prima facie entitlement to summary judgment by presenting undisputed proof that Fishkowitz proceeded into the intersection, which was controlled by a stop sign, and failed to yield the right of way to McNamara's vehicle in violation of Vehicle and Traffic Law § 1142 (a) (*see Nolan v Mizrahi*, 12 AD3d 430 [2004]; *Meliarenne v Prisco*, 9 AD3d 353, 354 [2004]; *Morgan v Hachmann*, 9 AD3d 400 [2004]).

In opposition, the defendants failed to raise a triable issue of fact as to McNamara's comparative negligence. There is no evidence to support the defendants' conclusory allegation that McNamara was speeding (*see Ishak v Guzman*, 12 AD3d 409 [2004]). In addition, McNamara had the right to anticipate that Fishkowitz would yield the right of way (*see Rossani v Rana*, 8 AD3d 548, 549 [2004]), and the defendants failed to raise a triable issue of fact regarding McNamara's alleged failure to take evasive action (*see Meliarenne v Prisco, supra; Lupowitz v Fogarty*, 295 AD2d 576 [2002]; *Le Claire v Pratt*, 270 AD2d 612, 613 [2000]). Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.