■ JOSEPHINE FRIEDBERG, Respondent, v CITIWIDE AUTO LEASING, INC., et al., Respondents, and LOUIS CARUSO, Appellant. (And a Third-Party Action.) [801 NYS2d 770]—

In an action to recover damages for personal injuries, the defendant Lucian E. Caruso, sued herein as Louis Caruso, appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Douglas, J.), dated November 3, 2004, as denied that branch of his motion which was for summary judgment dismissing the complaint and cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellant by the plaintiff-respondent and the defendants-respondents, the branch of the motion which was for summary judgment dismissing the complaint and cross claims insofar as asserted against the appellant is granted, and the action against the remaining defendants is severed.

The plaintiff, Josephine Friedberg, allegedly sustained serious injuries while riding as a passenger in an automobile owned and operated by the appellant, when it was struck by a vehicle owned by the defendant Citiwide Auto Leasing, Inc., leased to the defendant Bais Enza, Inc., and operated by the defendant Shulamik Herskovic.

In support of his motion for summary judgment, the appellant established his prima facie entitlement to judgment as a matter of law. Herskovic, operating her vehicle on a street governed by a stop sign, was required to bring her vehicle to a stop, and once having done so, to yield to vehicles on the intersecting thoroughfare operating with the right-of-way (*see*

Vehicle and Traffic Law § 1142 [a]). Her failure to yield constituted negligence as a matter of law (*see McNamara v Fishkowitz*, 18 AD3d 721, 722 [2005]; *Ishak v Guzman*, 12 AD3d 409 [2004]; *Rossani v Rana*, 8 AD3d 548, 549 [2004]; *Spatola v Gelco Corp.*, 5 AD3d 469, 470 [2004]). Moreover, that Herskovic did bring her van to a stop before proceeding into the intersection is of no moment; she was required to stop and remain stationary until it was clear to proceed across the intersection (*see Breslin v Rudden*, 291 AD2d 471 [2002]; *Bolta v Lohan*, 242 AD2d 356 [1997]). Herskovic was required to see the oncoming traffic through the proper use of her senses (*see Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005]; *Breslin v Rudden, supra; Bolta v Lohan, supra*) and the appellant was entitled to anticipate that Herskovic would obey the stop sign requiring her to yield (*see Bongiovi v Hoffman, supra; McNamara v Fishkowitz, supra; Rossani v Rana, supra*). Accordingly, the appellant, traveling on the through avenue with the right-of-way, established his prima facie entitlement to summary judgment and that Herskovic's negligence was, a matter of law, the sole proximate cause of the accident.

In opposition, the plaintiff and the other defendants failed to establish the existence of any triable issue of fact to warrant denial of the appellant's motion (*see Tantuccio v Marina Holding Corp.*, 20 AD3d 472 [2005]; *Barry v Chelsea Yacht Club of Chelsea on Hudson*, 15 AD3d 323, 324 [2005]; *Ishak v Guzman, supra*). Florio, J.P., Crane, Fisher and Dillon, JJ., concur.