■ PATRICIA LaPIERRE et al., Appellants, v ALLEN D. EFRON et al., Defendants, and ALAN MULTZ et al., Respondents. [803 NYS2d 200]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Schulman, J.), entered June 9, 2004, as, upon the granting of the motions of the defendants Alan Multz and Long Island Jewish Medical Center pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiffs' case, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The proper legal standard for deciding a motion pursuant to CPLR 4401 is whether, giving the plaintiffs every favorable inference from the evidence submitted, there was any rational basis upon which a jury could have found for the plaintiffs (*see* CPLR 4401; *Godlewska v Niznikiewicz*, 8 AD3d 430 [2004]; *Hughes v New York Hosp.-Cornell Med. Ctr.*, 195 AD2d 442, 443 [1993]).

The Supreme Court properly granted the respondents' motion pursuant to CPLR 4401 to dismiss the complaint insofar as asserted against them. Although there was expert testimony that the respondents' treatment of the decedent was a departure from good and accepted medical practice, the expert testimony presented by the plaintiffs on the issue of causation was insufficient for a reasonable person to conclude that it was more probable than not that the decedent's death was caused by the respondents (*see Abrams v Ho*, 3 AD3d 544 [2004]; *Migliaccio v Good Samaritan Hosp.*, 289 AD2d 208 [2001]; *Healy v Spector*, 287 AD2d 541 [2001]; *Kennedy v Peninsula Hosp. Ctr.*, 135 AD2d 788, 792 [1987]). Schmidt, J.P., Santucci, Krausman and Covello, JJ., concur.