■ PAULA DIAZ, Appellant, v PAULETTE BRYANT et al., Respondents. [814 NYS2d 529]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Harkavy, J.), dated December 21, 2004, which, upon the granting of the defendants' motions pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

"The proper legal standard for deciding a motion pursuant to

CPLR 4401 is whether, giving the plaintiffs every favorable inference from the evidence submitted, there was any rational basis upon which a jury could have found for the plaintiffs'' (*LaPierre v Efron,* 22 AD3d 808 [2005]; *see* CPLR 4401; *Godlewska v Niznikiewicz,* 8 AD3d 430 [2004]).

The Supreme Court properly dismissed the complaint inasmuch as there was no rational process by which the jury could base a finding in the plaintiff's favor (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]). With respect to the defendant Leocardio Diaz, the plaintiff failed to show, prima facie, that he proximately caused the underlying accident (*see Arbizu v REM Transp., Inc.,* 20 AD3d 375 [2005]; *McNamara v Fishkowitz,* 18 AD3d 721 [2005]; *Bongiovi v Hoffman,* 18 AD3d 686 [2005]; *Morgan v Hachmann,* 9 AD3d 400 [2004]; *Rossani v Rana,* 8 AD3d 548 [2004]).

With respect to the defendants Paula Bryant and Shameeka Hunter, the plaintiff failed to establish, prima facie, that they were involved in the underlying accident (*see Szczerbiak v Pilat,* 90 NY2d 553 [1997]). Contrary to the plaintiff's contention, the opening statements made by the respective attorneys for these defendants were too vague and general to be deemed judicial admissions of involvement in the accident (*see generally De Vito v Katsch,* 157 AD2d 413, 416 [1990]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Adams, Santucci and Lunn, JJ., concur.