■ ANTHONY D. LAINO, Respondent, v LAUREN A. LUCCHESE et al., Appellants. [827 NYS2d 249]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated September 29, 2005, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A driver who fails to yield the right of way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law (*see Odumbo v Perera,* 27 AD3d 709 [2006]; *Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d 522, 523 [2005]; *McNamara v Fishkowitz,* 18 AD3d 721, 722 [2005]; *Nolan v Mizrahi,* 12 AD3d 430 [2004]; *Ishak v Guzman,* 12 AD3d 409 [2004]; *Meretskaya v Logozzo,* 2 AD3d 599 [2003]). A driver is required to see what is there to be seen (*see Bongiovi v Hoffman,* 18 AD3d 686, 687 [2005]; *Bolta v Lohan,* 242 AD2d 356 [1997]), and a driver who has the right of way is entitled to anticipate that the other motorist will obey

the traffic law requiring him or her to yield (*see Platt v Wolman*, 29 AD3d 663 [2006]; *Dileo v Barreca,* 16 AD3d 366, 367-368 [2005]; *Morgan v Hachmann,* 9 AD3d 400 [2004]).

The plaintiff established, prima facie, his entitlement to judgment as a matter of law by demonstrating that the defendant driver, who was faced with a stop sign at a "T" intersection, negligently entered the intersection without yielding the right of way, and that this was the sole proximate cause of the accident (*see* Vehicle and Traffic Law § 1142 [a]). In opposition, the defendants failed to submit evidence sufficient to raise a triable issue of fact (*see Bongiovi v Hoffman, supra; Breslin v Rudden,* 291 AD2d 471, 472 [2002]). Miller, J.P., Spolzino, Fisher and Dillon, JJ., concur.