■ EDELLE MARCEL et al., Respondents, v CHIEF ENERGY CORP. et al., Appellants. (And a Third-Party Action.) [832 NYS2d 61]—

In a consolidated action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated September 27, 2005, as granted that branch of the motion of the plaintiffs Edelle Marcel and Jean Claude Marcel, and the separate motion of the plaintiff Carlo Jean-Louis, which were for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

This action arises from a motor vehicle accident in which a truck owned by the defendant Chief Energy Corp. and operated by the defendant Michael V. Fausto collided with a school bus operated by the plaintiff Carlo Jean-Louis at an intersection in Queens. The plaintiff Edelle Marcel was riding as a passenger on the school bus.

Both sets of plaintiffs established their prima facie entitle-

ment to judgment as a matter of law. Fausto, operating his vehicle on a street governed by a stop sign, was required to bring his vehicle to a stop, and once having done so, to yield to vehicles on the intersecting thoroughfare operating with the right-of-way (*see* Vehicle and Traffic Law § 1142 [a]). His failure to do so constituted negligence as a matter of law (*see Friedberg v Citiwide Auto Leasing, Inc.*, 22 AD3d 522, 523 [2005]). The fact that Fausto brought his truck to a stop before proceeding into the intersection does not absolve the defendants of liability, as Fausto was required to stop and remain stationary until it was clear to proceed across the intersection (*see Friedberg v Citiwide Auto Leasing, Inc., supra; McNamara v Fishkowitz*, 18 AD3d 721, 722 [2005]).

In opposition, the defendants failed to raise a triable issue of fact as to comparative negligence on the part of Jean-Louis. There was no evidence to support the defendants' conclusory allegation that Jean-Louis was speeding (*see McNamara v Fishkowitz, supra* at 722).

The defendants, having violated the terms of the preliminary conference order by failing to appear at the plaintiffs' depositions and physical examinations, cannot now be heard to argue that the summary judgment motions were premature because there was outstanding discovery. In any event, the mere expression of hope that discovery would reveal something helpful to the defense provides no basis for denial of the motions (*see Grodski v Greenpoint Bank*, 16 AD3d 623, 624 [2005]).

We decline to reach the issue, improperly raised for the first time on appeal, that the motions should have been denied because the plaintiffs failed to append a copy of the pleadings to their respective motion papers (*see generally Murray v Palmer*, 229 AD2d 377 [1996]). Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.