■ Isis Gergis et al., Respondents, v Salvatore Miccio, Appellant. [834 NYS2d 253]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 5, 2006, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law (*see Odumbo v Perera*, 27 AD3d 709 [2006]; *Friedberg v Citiwide Auto Leasing, Inc.*, 22 AD3d 522, 523 [2005]; *McNamara v Fishkowitz*, 18 AD3d 721, 722 [2005]; *Nolan v Mizrahi*, 12 AD3d 430 [2004]; *Ishak v Guzman*, 12 AD3d 409 [2004]; *Meretskaya v Logozzo*, 2 AD3d 599 [2003]). A driver is required to "see that which through proper use of [his or her] senses [he or she] should have seen" (*Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005] [internal quotation marks omitted]; *see Bolta v Lohan*, 242 AD2d 356 [1997]), and a driver who has the right-of-way is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield (*see Platt v Wolman*, 29 AD3d 663 [2006]; *Dileo v Barreca*, 16 AD3d 366, 367-368 [2005]; *Morgan v Hachmann*, 9 AD3d 400 [2004]).

The defendant established, prima facie, his entitlement to judgment as a matter of law by demonstrating that the plaintiff driver, who was faced with a stop sign at the intersection of a parking lot exit and Route 25, negligently entered the intersec-

tion without yielding the right-of-way, and that this was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142 [a]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (see Bongiovi v Hoffman, supra; Breslin v Rudden, 291 AD2d 471, 472 [2002]). Therefore, the defendant's motion for summary judgment dismissing the complaint should have been granted (see Laino v Lucchese, 35 AD3d 672 [2006]; Platt v Wolman, supra; Moore v Bremer, 280 AD2d 729 [2001]). Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.