CLAUDIA MCCAIN et al., Appellants, v GIACOMO LAROSA et al., Respondents, et al., Defendants. [838 NYS2d 663]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Dorsa, J.), entered September 9, 2005, as, upon so much of an order of the same court dated July 14, 2005, as granted the motion of the defendants Giacomo Larosa and James Larosa for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This action arises out of a car accident which occurred on December 29, 2002 at the intersection of 257th Street and 147th Avenue in Queens. The defendant James Larosa was proceeding eastbound on 147th Avenue, when his car (hereinafter the Larosa car) collided with that of the defendant Willie McCain (hereinafter the McCain car), which was proceeding southbound on 257th Street. 257th Street was controlled by a stop sign; however, 147th Street was not. The passengers in the car driven by McCain brought suit against Larosa, as the driver, and his father, as the owner of the Larosa car (hereinafter the Larosas), and against McCain as the driver of the McCain car.

The plaintiffs previously appealed from a July 14, 2005 order

granting the motion of the Larosas for summary judgment dismissing the complaint as to them. Subsequently, the court rendered a judgment, and the plaintiffs also timely appealed from the judgment. The plaintiffs' appeal from the order was dismissed for failure to prosecute. However, the plaintiffs properly perfected their appeal from the judgment.

Under the particular circumstances of this case, in the exercise of our discretion, notwithstanding the prior dismissal for failure to prosecute of the plaintiffs' appeal from the order upon which the judgment is predicated (*see Bray v Cox*, 38 NY2d 350 [1976]), this Court may determine the issues raised on the appeal from the judgment (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Tierney v Drago*, 38 AD3d 755 [2007]; *Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393 [2007]; *Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552, 553 [2002]).

In reaching the merits, the Larosas demonstrated their entitlement to summary judgment as a matter of law by submitting evidence that McCain failed to yield the right-of-way after stopping at a stop sign controlling traffic, in violation of Vehicle and Traffic Law § 1142 (a), and thus that he was negligent as a matter of law (*see* Vehicle and Traffic Law § 1142 [a]; *Gergis v Miccio*, 39 AD3d 468 [2007]; *Laino v Lucchese*, 35 AD3d 672, 673 [2006]; *McNamara v Fishkowitz*, 18 AD3d 721, 722 [2005]; *Meliarenne v Prisco*, 9 AD3d 353, 354 [2004]). Larosa was entitled to assume that McCain would obey the traffic laws requiring him to yield (*see Platt v Wolman*, 29 AD3d 663 [2006]; *Dileo v Barreca*, 16 AD3d 366, 367-368 [2005]; *Lagana v Fox*, 6 AD3d 583 [2004]). "The question of whether [Mr. McCain] stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop" (*Morgan v Hachmann*, 9 AD3d 400, 400 [2004]; *see Klein v Byalik*, 1 AD3d 399, 400 [2003]; *Bolta v Lohan*, 242 AD2d 356 [1997]).

The plaintiffs' contention in opposition, to the effect that there is a triable issue of fact as to Larosa's negligence because he allegedly was inattentive and speeding, appears wholly speculative (*see Arbizu v REM Transp., Inc.*, 20 AD3d 375, 376 [2005]; *Trzepacz v Jara*, 11 AD3d 531 [2004]; *Mora v Garcia*, 3 AD3d 478, 479 [2004]). The purported expert's affidavit to this effect is conclusory in nature and insufficient to defeat the Larosas's summary judgment motion (*see Marmaduke v Spraker*, 34 AD3d 1007 [2006]; *Horton v Warden*, 32 AD3d 570, 572 [2006]; *Salzano v Korba*, 296 AD2d 393, 395 [2002]; *Bova v County of Saratoga*, 258 AD2d 748, 750 [1999]; *Roman v Vargas*, 182 AD2d 543, 545 [1992]). Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.