■ ELEANORE M. HULL et al., Appellants, v JESSICA SPAGNOLI et al., Respondents. [844 NYS2d 416]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 5, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the injured plaintiff failed to yield the right-of-way after stopping at a stop sign controlling traffic in violation of Vehicle and Traffic Law § 1142 (a) (*see Gergis v Miccio*, 39 AD3d 468 [2007]; *Laino v Lucchese*, 35 AD3d 672 [2006]; *Friedberg v Citiwide Auto Leasing, Inc.*, 22 AD3d 522 [2005]; *McNamara v Fishkowitz*, 18 AD3d 721 [2005]; *Nolan v Mizrahi*, 12 AD3d 430 [2004]). The injured plaintiff was required to "see that which through proper use of her senses she should have seen" (*Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005] [citation omitted]; *see Bolta v Lohan*, 242 AD2d 356 [1997]), and the defendant driver who had the right of way was entitled to anticipate that the injured plaintiff would obey the traffic law requiring her to yield (*see Platt v Wolman*, 29 AD3d 663 [2006]; *Dileo v Barreca*, 16 AD3d 366 [2005]; *Rossani v Rana*, 8 AD3d 548 [2004]).

In opposition to the motion, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendant driver was negligent (*see Hou-Ching Chou v Wong*, 34 AD3d 642 [2006]; *McNamara v Fishkowitz*, 18 AD3d 721 [2005]; *Ishak v Guzman*, 12 AD3d 409 [2004]). Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.