◼ Joseph Y. Exime et al., Respondents, v Royston Williams, Appellant. [845 NYS2d 450]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bunyan J.), dated September 6, 2006, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

"A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law" (*Gergis v Miccio,* 39 AD3d 468, 468 [2007]; *see Friedberg v Citiwide Auto Leasing, Inc.,* 22 AD3d 522, 523 [2005]; *see also Perez v Paljevic,* 31 AD3d 520 [2006]). However, there can be more than one proximate cause of an accident (*see Cox v Nunez,* 23 AD3d 427 [2005]). Evidence that one driver "ran" a stop sign does not preclude a finding that comparative negligence on the part of the other driver contributed to the accident (*see Cox v Nunez,* 23 AD3d at 427). Thus, "[u]nder the doctrine of comparative negligence, 'a driver who lawfully enters an intersection . . . may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection' " (*Romano v 202 Corp.,* 305 AD2d 576, 577 [2003], quoting *Siegel v Sweeney,* 266 AD2d 200, 202 [1999]; *see Cox v Nunez,* 23 AD3d at 427).

The defendant established his prima facie entitlement to judgment as a matter of law by submitting evidence indicating that the plaintiff Joseph Y. Exime, while operating a motor vehicle, failed to yield the right-of-way upon entering an intersection in violation of Vehicle and Traffic Law § 1142 (a), and thus that he was negligent as a matter of law (*see McCain v Larosa,* 41 AD3d 792, 793 [2007]; *Gergis v Miccio,* 39 AD3d at 468-469; *Laino v Lucchese,* 35 AD3d 672, 673 [2006]; *McNamara v Fishkowitz,* 18 AD3d 721, 721-722 [2005]; *Meliarenne v Prisco,* 9 AD3d 353, 354 [2004]). The defendant was entitled to assume that Exime would obey the traffic laws requiring him to yield (*see McCain v Larosa,* 41 AD3d at 793). The question of whether Exime actually stopped at the stop sign before entering the intersection, as he was required to do, is not dispositive, as the evidence indicated that, whether or not he stopped at the stop sign, he failed to yield to a vehicle with the right-of-way (*see McCain v Larosa,* 41 AD3d at 793).

In opposition to the defendant's motion, the plaintiffs contended that the defendant's vehicle was traveling at an excessive rate of speed as it entered the intersection. However, these assertions, insofar as raised in Exime's affidavit, were speculative, as Exime testified at his deposition that he never saw the defendant's vehicle prior to the collision. The affidavit of the plaintiffs' expert to this effect was speculative, conclusory, and insufficient to raise an issue of fact so as to defeat the defendant's motion for summary judgment (*see McCain v Larosa,* 41 AD3d at 793; *Youthkins v Cascio,* 298 AD2d 386, 387 [2002], *affd* 99 NY2d 638 [2003]; *Terwilliger v Dawes,* 204 AD2d 433, 433-434 [1994]; *cf. Gergis v Miccio,* 39 AD3d at 469; *Laino v Lucchese,* 35 AD3d at 673; *McNamara v Fishkowitz,* 18 AD3d at 721-722; *Trzepacz v Jara,* 11 AD3d 531 [2004]; *Meliarenne v Prisco,* 9 AD3d at 354; *Mora v Garcia,* 3 AD3d 478, 479 [2004]; *Meretskaya v Logozzo,* 2 AD3d 599, 600 [2003]). Accordingly, as the plaintiff failed to raise a triable issue of fact, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.