■ JOSEPH MAZZA, JR., et al., Respondents, v THERESA MANZELLA, Appellant. [854 NYS2d 424]—

The defendant made a prima facie showing of entitlement to judgment as a matter of law by presenting proof that the infant plaintiff, who was riding a motorized bicycle, exited a driveway and collided into the defendant's motor vehicle in violation of Vehicle and Traffic Law §§ 1143 and 1173 (*see Yasinosky v Lenio,* 28 AD3d 652, 653 [2006]; *Lallemand v Cook,* 23 AD3d 533 [2005]; *Trzepacz v Jara,* 11 AD3d 531 [2004]; *Ferrara v Castro,* 283 AD2d 392 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact. The fact that the infant plaintiff did not see the defendant's approaching car does not excuse the infant plaintiff's conduct (*see Ferrara v Castro,* 283 AD2d at 393; *Bolta v Lohan,* 242 AD2d 356 [1997]). Furthermore, the infant plaintiff's affidavit failed to raise a triable issue of fact regarding the defendant's alleged failure to take evasive action (*see McNamara v Fishkowitz,* 18 AD3d 721, 722 [2005]; *Meliarenne v Prisco,* 9 AD3d 353, 354 [2004]; *Lupowitz v Fogarty,* 295 AD2d 576 [2002]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.