■ LUCILLE BATTS, Appellant, v ADRIENNE PAGE et al., Respondents. [858 NYS2d 748]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated January 29, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by presenting undisputed proof that the vehicle driven by the plaintiff proceeded into an intersection, which was controlled by a stop sign, and failed to yield the right-of-way to the defendant driver's approaching vehicle, in violation of Vehicle and Traffic Law § 1142 (a) (*see Hull v Spagnoli,* 44 AD3d 1007 [2007]; *Gergis v Miccio,* 39 AD3d 468 [2007]; *Odumbo v Perera,* 27 AD3d 709 [2006]; *McNamara v Fishkowitz,* 18 AD3d 721, 722 [2005]; *Ishak v Guzman,* 12 AD3d 409 [2004]; *Meliarenne v Prisco,* 9 AD3d 353, 354 [2004]).

In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Her conclusory assertion that the defendant driver was traveling at a "horrific excessive speed" was unsupported by any evidence and was speculative, given her deposition testimony that she first saw the defendants' vehicle "just a couple of seconds" before the collision (*see McNamara v Fishkowitz,* 18 AD3d at 722; *Ishak v Guzman,* 12 AD3d at 409; *Meliarenne v Prisco,* 9 AD3d at 354; *Szczotka v Adler,* 291 AD2d 444 [2002]). Further, the plaintiff's conclusory assertion that the defendant driver was traveling at "a speed greater than reasonable and prudent considering the intersection's risks and potential hazards," in violation of Vehicle and Traffic Law § 1180, is similarly unsupported by the evidence and speculative (*see Meliarenne v Prisco,* 9 AD3d at 354; *Zadins v Pommerville,* 300 AD2d 1111, 1112 [2002]; *Wilke v Price,* 221 AD2d 846, 847 [1995]; *Bagnato v Romano,* 179 AD2d 713, 715 [1992]). The plaintiff also failed to raise a triable issue of fact regarding the defendant driver's alleged failure to take evasive action, in light of the driver's deposition testimony that the plaintiff's car accelerated from the stop sign "just prior to impact" (*see Lupowitz v Fogarty,* 295 AD2d 576 [2002]; *McKeaveney v Reiffert,* 268 AD2d 411 [2000]; *Bolta v Lohan,* 242 AD2d 356 [1997]). Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.