*737 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated September 26, 2007, which, upon a jury verdict finding the plaintiff and the defendant Frank Goldsmith each 50% at fault in the happening of an accident, granted that branch of the motion of the defendant Frank Goldsmith which was pursuant to CPLR 4401 for judgment as a matter of law.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly was injured when a vehicle he was driving collided with a vehicle driven by the defendant Frank Goldsmith (hereinafter the defendant) at an intersection. It is not disputed that the plaintiff’s direction of traffic was controlled by a flashing red light, and the defendant’s by a flashing yellow light. The speed limit was 40 miles per hour. At trial, the plaintiff testified that he came to a full stop at the intersection and observed the defendant’s vehicle approaching approximately 90 to 120 feet away. The plaintiff was unsure whether the defendant’s vehicle was a minivan or a sedan, and could not estimate its speed when first observed. However, he testified, it appeared to be slowing down. The plaintiff drove his vehicle into the intersection and, two or three seconds later, when he was approximately half-way through, collided with the defendant’s vehicle. The plaintiff did not keep the defendant’s vehicle in his field of vision and observed it a second time only at the point of impact. However, he opined, the defendant “had to have sped up” prior to the impact. The jury found the plaintiff and the defendant each 50% at fault in the happening of the accident. The Supreme Court thereafter granted that branch of the defendant’s motion which was pursuant to CPLR 4401 for judgment as a matter of law. We affirm.
Vehicle and Traffic Law § 1113 (a) provides that a driver facing a red flashing light must stop before entering the intersection, and that the right to proceed is subject to the rules applicable after making a stop at a stop sign. A driver who fails to yield the right-of-way after stopping at a stop sign is in violation
*738 of Vehicle and Traffic Law § 1142 (a) and negligent as a matter of law (see Exime v Williams, 45 AD3d 633 [2007]; Gergis v Miccio, 39 AD3d 468 [2007]). A driver with the right-of-way is entitled to anticipate that others will obey the applicable traffic laws and yield the right-of-way (see Maliza v Puerto-Rican Transp. Corp., 50 AD3d 650 [2008]; McCain v Larosa, 41 AD3d 792 [2007]). Here, considering the facts in a light most favorable to the plaintiff, and affording him the benefit of every favorable inference that may be properly drawn therefrom, there was no valid line of reasoning and permissible inferences which possibly could have led rational persons to the conclusion reached by the jury that the defendant was 50% at fault in the happening of the accident (see Szczerbiak v Pilat, 90 NY2d 553 [1997]; Hand v Field, 15 AD3d 542 [2005]). A conclusion that the defendant was contributorily negligent because he “had to have sped up” prior to the contact was speculative. Ritter, J.E, Florio, Miller and Garni, JJ., concur.