■ ROSARY CHIETAN, Respondent, v SURESH PERSAUD, Appellant, et al., Defendant. [869 NYS2d 177]—

On May 28, 2005 a motor vehicle operated by the defendant Suresh Persaud was involved in an accident with a motor vehicle operated by the defendant Simiso Mguni at the intersection of Fillmore Avenue and East 52nd Street in Brooklyn. The plaintiff was a passenger in Mguni's vehicle and it is undisputed that Mguni's vehicle was controlled by a stop sign. Persaud moved for summary judgment dismissing the complaint insofar as asserted against him, contending that there was no evidence that he was negligent in the operation of his vehicle. The Supreme Court denied the motion. We reverse.

In moving for summary judgment, Persaud established that Mguni, whose vehicle was controlled by a stop sign, proceeded into the intersection and collided with his oncoming vehicle, which had the right-of-way. Persaud, as the driver with the right-of-way, was entitled to anticipate that the defendant Mguni "would obey traffic laws which required him to yield" (*Bongiovi v Hoffman,* 18 AD3d 686, 687 [2005] [internal quotation marks omitted]). Persaud thus demonstrated his prima facie entitlement to judgment as a matter of law (*see* Vehicle and Traffic Law § 1142 [a]; *see also Bongiovi v Hoffman,* 18 AD3d at 687).

The evidence presented by the plaintiff in opposition to the motion was insufficient to raise a triable issue of fact (*see Bongiovi v Hoffman*, 18 AD3d at 687). While the plaintiff contends that Persaud's deposition testimony raised a triable issue of fact as to whether or not he was driving "at an appropriate reduced speed" when he approached and crossed the subject intersection, Vehicle and Traffic Law § 1180 (e) does not mandate that a driver reduce his or her speed at every intersection, but only when warranted by the conditions presented (*see Bagnato v Romano*, 179 AD2d 713 [1992]). Accordingly, the Supreme Court should have granted Persaud's motion for summary judgment dismissing the complaint insofar as asserted against him. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.