■ BARBARA GOEMANS et al., Respondents, v COUNTY OF SUF-
FOLK et al., Appellants, and BRANDON SELLERS, Respondent. [868
NYS2d 753]—

On October 12, 2004 there was a gas explosion at the
workplace of Thomas Goemans. Police Officer Bruce Blanco
from the Suffolk County Police Department responded to the
scene. When Thomas Goemans' wife, the plaintiff Barbara
Goemans, and their two sons, including the plaintiff Michael
Goemans, arrived at the scene, they were advised that Thomas
Goemans had already been taken to the hospital. According to
testimony given at the hearing conducted pursuant to General
Municipal Law § 50-h, Barbara Goemans did not know how to
get to the hospital and was too distraught to drive. Officer
Blanco offered to transport Barbara Goemans and her children
to the hospital in his police vehicle. On the way to the hospital,
an accident occurred at the intersection of Park Avenue and
Oriole Place in Huntington, which resulted in injury to Barbara
Goemans and Michael Goemans.

At the time of the accident, the police vehicle was traveling
northbound on Park Avenue and the vehicle of the defendant
Brandon Sellers was traveling west on Oriole Place. There was
a stop sign governing westbound traffic on Oriole Place at its
"T" intersection with Park Avenue. At his deposition, Sellers
stated that he had turned into Oriole Place from the service
road of Park Avenue with the intention of making a left-hand
turn into the southbound lane of Park Avenue. He stopped his
vehicle in front of the stop sign, and a northbound vehicle in

the main road of Park Avenue stopped and waved for him to go ahead. As he moved forward, he collided with the police vehicle. At his deposition, Officer Blanco stated, inter alia, that his vehicle's emergency lights and sirens were engaged at all times, and that, prior to the accident, he was operating his vehicle at about 30 miles per hour.

Barbara Goemans and Michael Goemans, by his father and natural guardian Thomas Goemans, commenced this action against the County of Suffolk and the Suffolk County Police Department (hereinafter collectively the County), and Sellers seeking damages for the injuries they sustained in the accident. The County moved for summary judgment, contending, inter alia, that Sellers' negligent operation of his vehicle was the sole proximate cause of the accident. The Supreme Court denied the motion. We reverse.

A driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law (see Exime v Williams, 45 AD3d 633 [2007]; Gergis v Miccio, 39 AD3d 468 [2007]; Laino v Lucchese, 35 AD3d 672 [2006]; Friedberg v Citiwide Auto Leasing, Inc., 22 AD3d 522 [2005]; McNamara v Fishkowitz, 18 AD3d 721 [2005]; Nolan v Mizrahi, 12 AD3d 430 [2004]). The question of whether the driver stopped at the stop sign is not dispositive where the evidence establishes that he or she failed to yield even if he or she did stop (see McCain v Larosa, 41 AD3d 792 [2007]; Marcel v Chief Energy Corp., 38 AD3d 502 [2007]; Morgan v Hachmann, 9 AD3d 400 [2004]). Furthermore, a driver is required to "see that which through proper use of [his or her] senses [he or she] should have seen" (Bongiovi v Hoffman, 18 AD3d 686, 687 [2005] [internal quotation marks omitted]; see Bolta v Lohan, 242 AD2d 356 [1997]), and the driver who has the right-of-way is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield (see Platt v Wolman, 29 AD3d 663 [2006]; Dileo v Barreca, 16 AD3d 366 [2005]; Rossani v Rana, 8 AD3d 548 [2004]).

Here, the County established its prima facie entitlement to judgment as a matter of law by evidence that Sellers failed to yield the right-of-way upon entering the subject intersection in violation of Vehicle and Traffic Law § 1142 (a) and thus was negligent as a matter of law (see Exime v Williams, 45 AD3d 633 [2007]). In opposition, the plaintiffs and Sellers failed to raise a triable issue of fact in this regard or with respect to whether Officer Blanco otherwise contributed to the happening of the accident. Accordingly, the Supreme Court should have granted the County's motion for summary judgment dismissing

the complaint and all cross claims insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

In view of our conclusion, we need not reach the County's remaining contentions. Lifson, J.P., Santucci, Balkin and Belen, JJ., concur.