■ KHAWAJA MOHAMMAD, Respondent, v YUEHUA NING, Appellant. [899 NYS2d 356]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Starkey, J.), dated November 19, 2008, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff was operating a motor vehicle which collided with a vehicle operated by the defendant at the intersection of 85th Street and 25th Avenue in Queens. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries and for property damage. The plaintiff subsequently moved for summary judgment on the issue of liability, contending that the defendant's negligence was the sole proximate cause of the accident because the defendant, without stopping, proceeded through a stop sign at a high rate of speed and failed to yield the right-of-way.

The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability by establishing that the defendant's vehicle proceeded into an intersection controlled by a stop sign without yielding the right-of-way to his approaching vehicle (see Vehicle and Traffic Law § 1142 [a]). The evidence submitted in support of the motion established that the defendant failed to properly observe and yield to cross traffic before proceeding into the intersection (see Exime v Williams, 45 AD3d 633, 634 [2007]; Hull v Spagnoli, 44 AD3d 1007 [2007]; Gergis v Miccio, 39 AD3d 468, 468-469 [2007]; Bongiovi v Hoffman, 18 AD3d 686 [2005]). It is undisputed that a stop sign at the subject intersection controls traffic traveling on 25th Avenue in the direction in which the defendant was traveling, but that no stop sign controls traffic traveling on 85th Street in the direction in which the plaintiff was traveling. As the driver with the right-of-way, the plaintiff was entitled to assume that the defendant would obey the traffic laws requiring him to yield (see Hull v Spagnoli, 44 AD3d at 1007; McCain v Larosa, 41 AD3d 792, 793 [2007]; Gergis v Miccio, 39 AD3d at 468).

In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact. In his affidavit in opposition, the defendant averred that, contrary to the plaintiff's contention, he brought his vehicle to a complete stop at the stop sign on 25th Avenue before proceeding into the intersection. However, "[a] driver who fails to yield the right-of-way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of

law" (*Gergis v Miccio*, 39 AD3d at 468; *see Exime v Williams*, 45 AD3d at 633; *Marcel v Chief Energy Corp.*, 38 AD3d 502, 503 [2007]). Thus, the question of whether the defendant stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he stopped (*see Exime v Williams*, 45 AD3d at 634; *McCain v Larosa*, 41 AD3d at 793; *Morgan v Hachmann*, 9 AD3d 400, 400 [2004]).

The defendant also averred that, during the period of time when he remained stopped at the intersection, there was no traffic approaching the intersection from either direction on 85th Street. According to the defendant, he did not see the plaintiff's vehicle until the defendant's vehicle was already in the intersection. A driver is negligent where an accident occurs because he or she fails to "see that which through proper use of [his or her] senses [he or she] should have seen" (*Bongiovi v Hoffman*, 18 AD3d at 687 [internal quotation marks omitted]; *see Bolta v Lohan*, 242 AD2d 356 [1997]).

The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, since there are no triable issues of fact, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.