■ VICTOR MARTIN, Respondent, v MUSTAFA ALI et al., Appellants. [912 NYS2d 610]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered

August 20, 2009, as, upon vacating, upon reargument, the determination in an order entered April 30, 2009, denying, as untimely, their motion for summary judgment dismissing the complaint, denied the motion for summary judgment dismissing the complaint on the merits.

Ordered that the order entered August 20, 2009, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when the vehicle he was operating collided at an intersection with a vehicle owned by the defendant Deokee Maras and operated by the defendant Mustafa Ali. The plaintiff was traveling on a one-way road which was controlled by a stop sign at the intersection, while the defendant driver was traveling on an intersecting one-way road, which was not controlled by any traffic device. The plaintiff testified at his deposition that he stopped at the stop sign before entering the intersection, and that he did not see the defendants' vehicle prior to the collision. The plaintiff also stated that, due to vehicles parked on the curb, he could only see 12 feet along the intersecting road to check on the cross traffic. The plaintiff testified that he observed the defendants' vehicle approximately two seconds before the collision, when it was right "on top of" the plaintiff's vehicle. At his deposition, the defendant driver stated that he first saw the plaintiff's vehicle "a millisecond" before the accident, when it was only approximately one foot away from his vehicle.

The defendants established their prima facie entitlement to judgment as matter of law by establishing that the plaintiff proceeded into the intersection without yielding the right-of-way, in violation of Vehicle and Traffic Law § 1142 (a) (*see Jaramillo v Torres*, 60 AD3d 734 [2009]; *Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650 [2008]; *Exime v Williams*, 45 AD3d 633 [2007]; *Gergis v Miccio*, 39 AD3d 468 [2007]). The question of whether the plaintiff stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (*see Mohammad v Ning*, 72 AD3d 913 [2010]; *McCain v Larosa*, 41 AD3d 792 [2007]; *Marcel v Chief Energy Corp.*, 38 AD3d 502 [2007]). As the driver with the right-of-way, the defendant driver was entitled to anticipate that the plaintiff would obey the traffic law which required him to yield (*see DeLuca v Cerda*, 60 AD3d 721 [2009]; *Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650 [2008]; *Hull v Spagnoli*, 44 AD3d 1007 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact with respect to the defendant driver's alleged

comparative negligence (*see Batts v Page*, 51 AD3d 833 [2008]; *Grossman v Spector*, 48 AD3d 750 [2008]; *McNamara v Fishkowitz*, 18 AD3d 721 [2005]; *Ishak v Guzman*, 12 AD3d 409 [2004]; *Meliarenne v Prisco*, 9 AD3d 353 [2004]). Accordingly, upon reargument, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Covello, J.P., Dickerson, Belen and Lott, JJ., concur.