■ SUSANNA MOROE, Appellant, v MIKHIL DULASHKO et al., Respondents. (And a Third-Party Action.) [917 NYS2d 578]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated April 1, 2010, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

This action arises out of a motor vehicle accident that occurred at the intersection of Voorhies Avenue and East 18th Street in Brooklyn. The traffic proceeding in the same direction as the defendants' vehicle was controlled by a stop sign, while the traffic proceeding in the same direction as the plaintiff's vehicle was not controlled by any traffic device.

The plaintiff established her prima facie entitlement to judgment as a matter of law by presenting evidence that the defendants' vehicle proceeded into the intersection without yielding

the right-of-way, in violation of Vehicle and Traffic Law § 1142 (a) (*see Martin v Ali*, 78 AD3d 1135 [2010]; *Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650, 651-652 [2008]; *McCain v Larosa*, 41 AD3d 792, 793 [2007]; *McNamara v Fishkowitz*, 18 AD3d 721, 722 [2005]).

In opposition, the defendants failed to raise a triable issue of fact with respect to the plaintiff's alleged comparative negligence (*see Dominguez v CCM Computers, Inc.*, 74 AD3d 728, 729 [2010]; *Batts v Page*, 51 AD3d 833 [2008]; *McCain v Larosa*, 41 AD3d at 793; *Mateiasevici v Daccordo*, 34 AD3d 651, 652 [2006]; *Rossani v Rana*, 8 AD3d 548 [2004]). Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been granted. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.