■ Julio Duran, Plaintiff, v William H. Simon, Appellant, and Donaldo Rivera et al., Respondents. [919 NYS2d 895]—

In an action, inter alia, to recover damages for personal injuries, the defendant William H. Simon appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered September 23, 2010, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant William H. Simon for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.

"A driver who fails to yield the right of way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law" (*Laino v Lucchese*, 35 AD3d 672, 672 [2006]; *see Gergis v Miccio*, 39 AD3d 468, 468 [2007]; *Friedberg v Citiwide Auto Leasing, Inc.*, 22 AD3d 522, 522-523 [2005]). "A driver is required to see what is there to be seen . . . and a driver who has the right of way is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield" (*Laino v Lucchese*, 35 AD3d at 672-673; *see Gergis v Miccio*, 39 AD3d at 468; *Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005]).

The appellant established, prima facie, his entitlement to judgment as a matter of law by demonstrating that the defendant Catherine Rivera, who was faced with a stop sign at an intersection, negligently drove her vehicle into the intersection, in which the appellant was travelling in his vehicle, without yielding the right-of-way to the appellant, and that this was the sole proximate cause of the accident (*see* Vehicle and Traffic Law § 1142 [a]). In opposition, the defendants Donaldo Rivera and Catherine Rivera failed to raise a triable issue of fact. Their contention that the appellant was negligent in the operation of his vehicle is unsupported by the record and based upon speculation (*see Exime v Williams*, 45 AD3d 633, 634 [2007]; *Platt v Wolman*, 29 AD3d 663, 663 [2006]; *McNamara v Fishkowitz*, 18 AD3d 721, 722 [2005]; *Klein v Byalik*, 1 AD3d 399, 400 [2003]). Accordingly, the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him should have been granted. Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.