In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated June 15, 2011, which denied her motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is granted.
*715 “A driver who fails to yield the right of way after stopping at a stop sign controlling traffic is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law” (Laino v Lucchese, 35 AD3d 672, 672 [2006]; see Gergis v Miccio, 39 AD3d 468, 468 [2007]). “A driver is required to see what is there to be seen, and a driver who has the right of way is entitled to anticipate that the other motorist will obey the traffic law requiring him or her to yield” (Laino v Lucchese, 35 AD3d at 672-673 [citations omitted]; see Gergis v Miccio, 39 AD3d at 468; Bongiovi v Hoffman, 18 AD3d 686, 687 [2005]).
Here, the plaintiff established, prima facie, her entitlement to judgment as a matter of law by demonstrating that the defendant Francine Doyno, who was faced with a stop sign at an intersection, negligently drove her vehicle into the intersection in which the plaintiff was traveling in her vehicle without yielding the right-of-way to the plaintiff, and that this was the sole proximate cause of the accident {see Vehicle and Traffic Law § 1142 [a]). In opposition, the defendants failed to raise a triable issue of fact. The defendants’ contention that the plaintiff may have been negligent in the operation of her vehicle is unsupported by the record and is based upon mere speculation (see Exime v Williams, 45 AD3d 633, 634 [2007]; Bongiovi v Hoffman, 18 AD3d at 687; Williams v Econ, 221 AD2d 429, 430 [1995]). Accordingly, the plaintiffs motion for summary judgment on the issue of liability should have been granted. Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.