■ STEFANI A. GALLAGHER, Appellant, v DAVID E. McCURTY, Respondent. [925 NYS2d 897]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeStefano, J.), dated September 3, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when, after stopping at a stop sign, she drove into an intersection where her vehicle was struck by a vehicle operated by the defendant. The plaintiff commenced this action against the defendant, alleging negligence. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff's alleged negligence was the sole proximate cause of the accident. The Supreme Court granted the defendant's motion.

The defendant made a prima facie showing of his entitlement to judgment as a matter of law by presenting evidence that he entered the intersection with the right-of-way, and that, by failing to yield, the plaintiff violated Vehicle and Traffic Law § 1142 (a), which constituted negligence as a matter of law (*see Thompson v Schmitt*, 74 AD3d 789 [2010]; *McCain v Larosa*, 41 AD3d 792, 793 [2007]; *Gergis v Miccio*, 39 AD3d 468 [2007]). As the driver with the right-of-way, the defendant "was entitled to anticipate that the plaintiff would obey traffic laws which required her to yield" (*Yelder v Walters*, 64 AD3d 762, 764 [2009]; *see Thompson v Schmitt*, 74 AD3d at 790; *Klein v Crespo*, 50 AD3d 745, 745-746 [2008]). In opposition, the plaintiff's contention that the defendant was traveling at an excessive rate of speed was conclusory and speculative, and, on this record, failed to raise a triable issue of fact (*see Thompson v Schmitt*, 74 AD3d at 790; *Yelder v Walters*, 64 AD3d at 765; *McCain v Larosa*, 41 AD3d at 793).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Eng, Hall and Lott, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32510(U).]**