■ KENNETH HARRIS, Appellant, v VICTOR LINARES, Respondent. [964 NYS2d 657]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered May 2, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was driving his vehicle in East Patchogue, traveling northbound on Americus Avenue, which was controlled by a stop sign at its intersection with Brookhaven Avenue. The defendant was driving his car westbound on Brookhaven Avenue, which had no traffic control device at its intersection with Americus Avenue. The plaintiff's vehicle collided with the middle of the driver's side of the defendant's vehicle, allegedly injuring the plaintiff. The plaintiff subsequently commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint.

The defendant demonstrated his prima facie entitlement to judgment as a matter of law by establishing that the plaintiff's vehicle proceeded into the intersection controlled by a stop sign without yielding the right-of-way to the defendant's approaching vehicle, in violation of Vehicle and Traffic Law § 1142 (a). The evidence submitted by the defendant in support of his motion established, prima facie, that the plaintiff failed to properly observe and yield to cross traffic before proceeding into the intersection (*see Briggs v Russo*, 98 AD3d 547 [2012]; *Gallagher v McCurty*, 85 AD3d 1109 [2011]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]; *Exime v Williams*, 45 AD3d 633, 634 [2007]; *Hull v Spagnoli*, 44 AD3d 1007 [2007]; *McCain v Larosa*, 41 AD3d 792, 793 [2007]). The defendant further established,

prima facie, that he could not have avoided the collision because he did not have sufficient time to react to the plaintiff's failure to yield the right of way (see *Ducie v Ippolito*, 95 AD3d 1067, 1068 [2012]; *Socci v Levy*, 90 AD3d 1020 [2011]).

In opposition, the plaintiff failed to raise a triable issue of fact. The fact that the defendant was looking straight ahead in the direction he was traveling does not necessitate the conclusion that the defendant was negligent, since " 'the defendant driver who had the right of way was entitled to anticipate that the injured plaintiff would obey the traffic law requiring [him] to yield' " (*Briggs v Russo*, 98 AD3d at 548, quoting *Hull v Spagnoli*, 44 AD3d at 1007; *see Kotzias v Panagiotis*, 91 AD3d 607 [2012]; *Gallagher v McCurty*, 85 AD3d at 1110; *Mohammad v Ning*, 72 AD3d at 914-915; *Wesh v Laidlaw*, 59 AD3d 534 [2009]; *McCain v Larosa*, 41 AD3d at 793). Further, the plaintiff's contention that there was a triable issue of fact as to the defendant's negligence because he "failed to reduce his speed" was wholly speculative and "[t]he purported expert's affidavit to th[at] effect [was] conclusory in nature" (*McCain v Larosa*, 41 AD3d at 793; *see Gallagher v McCurty*, 85 AD3d at 1110; *see also Exime v Williams*, 45 AD3d at 634).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.