CHALANCE MCPHERSON, Appellant, v MOHAMMAD CHANZEB, Respondent. [999 NYS2d 521]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated October 28, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 6, 2010, a vehicle operated by the plaintiff collided with a vehicle operated by the defendant at the intersection of 25th Avenue and 100th Street in Queens. At the time of the accident, the plaintiff was traveling on 100th Street, which had a stop sign to control entry into the intersection, while the defendant was traveling on 25th Avenue, which had no traffic control device at that location. Although the parties' depositions differed in some respects, the testimony of both parties established that the plaintiff entered the intersection without yielding to the defendant's oncoming vehicle, which had the right-of-way. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

Pursuant to Vehicle and Traffic Law § 1142 (a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard. Moreover, a driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (*see Kann v Maggies Paratransit Corp.*, 63 AD3d 792, 793 [2009]; *Moreno v Gomez*, 58 AD3d 611, 612 [2009]; *Palomo v Pozzi*, 57 AD3d 498 [2008]). Here, the defendant demonstrated his prima facie entitlement to judgment as a matter of law by establishing that the plaintiff's vehicle proceeded into the intersection without yielding the right-of-way to his approaching vehicle, in violation of the statute (*see Harris v Linares*, 106 AD3d 873 [2013]; *Briggs v Russo*, 98 AD3d 547 [2012]; *Gallagher v McCurty*, 85 AD3d 1109, 1110 [2011]). The plaintiff's speculative assertions in opposition to the motion were insufficient to raise a triable issue of fact (*see Thompson v Schmitt*, 74 AD3d 789, 790 [2010]; *Rieman v Smith*, 302 AD2d 510, 511 [2003]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.