██ Scott Wanderman, Appellant, v Bill A. Schwartz et al., Respondents. (And Another Action.) [7 NYS3d 445]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered February 11, 2014, as granted that branch of the motion of the defendants WYD Transport, Inc., and Edwin Rodriguez which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs to the defendants WYD Transport, Inc., and Edwin Rodriguez, payable by the plaintiff.

The plaintiff was a passenger in a taxicab traveling eastbound on New York State Route 27 in Southampton, and alleg-

edly was injured when the taxicab was struck on its side by a northbound BMW automobile that entered Route 27 from Cobb Road, a thoroughfare that was governed by a stop sign at that intersection. The plaintiff commenced this action against the owner and the operator of the taxicab, the defendants WYD Transport, Inc., and Edwin Rodriguez (hereinafter together the taxicab defendants), and against the owner and the operator of the BMW, the defendants Bill A. Schwartz and Avis Sharron Scott (hereinafter together the BMW defendants). The taxicab defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff and the BMW defendants opposed the motion. The Supreme Court granted the motion, and the plaintiff appeals.

The taxicab defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that they were free from negligence in the happening of the accident. Specifically, they established, prima facie, that the taxicab had the right-of-way as it traveled eastbound on Route 27, and that Route 27 was not governed by any traffic control devices at that intersection. The operator of the taxicab was entitled to anticipate that the operator of the BMW would stop at the stop sign that governed northbound traffic on Cobb Road (see Vehicle and Traffic Law § 1142 [a]; McPherson v Chanzeb, 123 AD3d 1098, 1099 [2014]). In opposition, the plaintiff, who relied only on speculative assertions that the operator of the taxicab should have seen that the operator of the BMW would not stop at the stop sign, failed to raise a triable issue of fact (see McPherson v Chanzeb, 123 AD3d at 1099). Accordingly, the Supreme Court properly granted that branch of the taxicab defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them (see id.). Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.