■ DEBRA WOLF et al., Appellants, v ROBERT CRUICKSHANK, Respondent. [41 NYS3d 754]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), dated September 16, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A vehicle operated by the plaintiff Debra Wolf (hereinafter the injured plaintiff) collided with a vehicle operated by the defendant at the intersection of Hill Boulevard and a service road leading from the Jefferson Valley Mall, in the Town of Yorktown. It is undisputed that at the time of the accident the defendant was traveling straight on Hill Boulevard, which was

not governed by any traffic control device at its intersection with the service road. The injured plaintiff was turning left from the service road onto Hill Boulevard when the accident occurred. The service road was governed by a stop sign at its intersection with Hill Boulevard.

The injured plaintiff, and her husband suing derivatively, commenced this action against the defendant. The defendant subsequently moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.

Pursuant to Vehicle and Traffic Law § 1142 (a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard (see McPherson v Chanzeb, 123 AD3d 1098, 1099 [2014]; Yelder v Walters, 64 AD3d 762, 763-764 [2009]). Moreover, a driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (see Kann v Maggies Paratransit Corp., 63 AD3d 792, 793 [2009]; Moreno v Gomez, 58 AD3d 611, 612 [2009]).

Here, the defendant demonstrated, prima facie, his entitlement to judgment as a matter of law by establishing that the injured plaintiff negligently drove her vehicle into the intersection without yielding the right-of-way and that this was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142 [a]; Lara v Faulisi, 142 AD3d 1052 [2016]; Hatton v Lara, 142 AD3d 1047 [2016]; Foley v Santucci, 135 AD3d 813, 813-814 [2016]; McPherson v Chanzeb, 123 AD3d at 1099). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the affidavit of their expert was insufficient to raise a triable issue of fact, as it was conclusory, speculative, and unsupported by the record (see Harris v Linares, 106 AD3d 873, 874 [2013]; Exime v Williams, 45 AD3d 633, 634 [2007]; see generally Abrams v Bute, 138 AD3d 179, 195-196 [2016]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.