■ PATRICIA VAN DE MERLEN et al., Appellants, v ALAN D. KARPF et al., Respondents. [47 NYS3d 134]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sher, J.), entered June 5, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant Alan D. Karpf (hereinafter the defendant driver) was operating a vehicle owned by his wife, the defendant Edith Karpf, eastbound on East Deer Park Road, when it crossed over into the lane for westbound traffic and struck a vehicle operated by the plaintiff Patricia Van De Merlen (hereinafter the injured plaintiff), head on. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, arguing that the accident arose as a result of a sudden and unforeseeable medical emergency the defendant driver suffered while driving. The Supreme Court granted the defendants' motion. The plaintiffs appeal.

"The operator of a vehicle who becomes involved in an accident as the result of suffering a sudden medical emergency will not be chargeable with negligence as long as the emergency was unforeseen" (*Serpas v Bell*, 117 AD3d 712, 713 [2014]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating through deposition testimony, the defendant driver's medical records, and expert medical evidence that the accident was caused by the defendant driver experiencing an acute stroke at the time of the accident, which was unforeseeable (*see Akber v Akber*, 125

AD3d 700, 701 [2015]; *Hernandez v Ricci*, 15 AD3d 351 [2005]; *Abish v Cetta*, 155 AD2d 495 [1989]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Akber v Akber*, 125 AD3d at 701; *Hernandez v Ricci*, 15 AD3d at 351). Contrary to the plaintiffs' contention, the affirmation of their medical expert was insufficient to raise a triable issue of fact, as it was conclusory, speculative, and unsupported by the record (*see Harris v Linares*, 106 AD3d 873, 874 [2013]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.