Galano v ILC Holdings, Inc. (2018 NY Slip Op 06085)





Galano v ILC Holdings, Inc.


2018 NY Slip Op 06085


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-07224
 (Index No. 33748/13)

[*1]Michael C. Galano, appellant, 
v
ILC Holdings, Inc., et al., respondents.


Pulvers, Pulvers & Thompson, LLP, New York, NY (Konstantin Burshteyn and Angelique Sabia-Candero of counsel), for appellant.
Tromello, McDonnell & Kehoe, Melville, NY (Kevin J. Bryant of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated May 9, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants ILC Holdings, Inc., and Vincent Buffa.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a motorcycle he was operating collided with a vehicle operated by the defendant Vincent Buffa at the intersection of Lakeland Avenue and Kittyhawk Drive in Bohemia. The vehicle that Buffa was driving had been leased by Buffa's employer, the defendant ILC Holdings, Inc. (hereinafter ILC). At the intersection, Lakeland Avenue was a thoroughfare with two northbound lanes, two southbound lanes, and a center turning lane. Buffa was driving his vehicle in the left southbound lane on Lakeland Avenue, and the plaintiff was operating his motorcycle in the left northbound lane on Lakeland Avenue. The plaintiff testified at his deposition that he had no memory of the collision. Buffa testified at his deposition and stated in a written statement to police that, just prior to the collision, he completely stopped his vehicle in the center turning lane on Lakeland Avenue, intending to make a left turn onto Kittyhawk Drive. His testimony and written statement further set forth that the plaintiff's motorcycle crossed over into the turning lane and hit Buffa's vehicle head-on. A nonparty witness to the accident testified at her deposition and stated in a written statement to police that she was traveling on Lakeland Avenue in the left northbound lane when a motorcycle passed her on the left side and struck Buffa's vehicle head-on.
The plaintiff commenced this action against ILC, Buffa, and another defendant. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against ILC and Buffa. In support of their motion, the defendants submitted, among other things, transcripts of the deposition testimony of the plaintiff, Buffa, and the nonparty witness, Buffa's written statement to police, the nonparty witness's written statement to police, a police accident report, and photographs of the location of the vehicle and the motorcycle following the accident. [*2]The Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against ILC and Buffa. The plaintiff appeals.
The defendants established the prima facie entitlement of ILC and Buffa to judgment as a matter of law by submitting evidence demonstrating that the plaintiff was negligent in crossing over into the center turning lane, where Buffa's vehicle was lawfully stopped, thereby causing a head-on collision, and that the plaintiff was the sole proximate cause of the accident (see generally DiSiena v Giammarino, 72 AD3d 873, 874). " A driver is not required to anticipate that a vehicle traveling in the opposite direction will cross over into oncoming traffic'" (Ciraldo v County of Westchester, 147 AD3d 813, 814, quoting Eichenwald v Chaudhry, 17 AD3d 403, 404). Contrary to the plaintiff's contention, the police accident report submitted in support of the defendants' motion did not demonstrate the existence of a triable issue of fact.
In opposition, the plaintiff failed to raise a triable issue of fact. The expert affirmation submitted by the plaintiff was speculative and conclusory (see generally Wolf v Cruickshank, 144 AD3d 1144, 1145; Rodrigues v Village of Ossining, 76 AD3d 962, 962).
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against ILC and Buffa.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court