Cruz v DiSalvo (2020 NY Slip Op 06747)





Cruz v DiSalvo


2020 NY Slip Op 06747


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-10452 
2018-12244
 (Index No. 333/16)

[*1]Benedict Cruz, appellant,
v
Giuseppe DiSalvo, respondent.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellant.
Richard T. Lau, Jericho, NY (Marcella Gerbasi Crewe of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered June 12, 2018, and (2) a judgment of the same court entered July 30, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff alleges that he was injured when his vehicle collided with a vehicle operated by the defendant at the intersection of Jordan Street and 33rd Avenue in Queens. At the time of the accident, the defendant was traveling straight on 33rd Avenue and the plaintiff was traveling straight on Jordan Street. It is undisputed that a stop sign controlled traffic on Jordan Street and that there was no traffic control device on 33rd Avenue at the intersection with Jordan Street.
The plaintiff commenced this action to recover damages for personal injuries against the defendant. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion and entered a judgment in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard (see Wolf v [*2]Cruickshank, 144 AD3d 1144, 1145; McPherson v Chanzeb, 123 AD3d 1098, 1099). Moreover, a driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (see Wolf v Cruickshank, 144 AD3d at 1145). However, there can be more than one proximate cause of an accident, and "[e]vidence that one driver 'ran' a stop sign does not preclude a finding that comparative negligence on the part of the other driver contributed to the accident" (Exime v Williams, 45 AD3d 633, 633).
Here, the defendant demonstrated his prima facie entitlement to judgment as a matter of law by establishing that the plaintiff negligently drove his vehicle into the intersection without yielding the right-of-way to the defendant's approaching vehicle, and that this was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Wolf v Cruickshank, 144 AD3d at 1145; McPherson v Chanzeb, 123 AD3d at 1099). The defendant was entitled to assume that the plaintiff would obey the traffic laws requiring him to yield (see Exime v Williams, 45 AD3d at 634).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that the defendant could have avoided the accident, or that he was otherwise negligent in the operation of his vehicle, were speculative and unsupported by the record (see Foley v Santucci, 135 AD3d 813, 814; Zuleta v Quijada, 94 AD3d 876, 877). Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court