Ellsworth v Rubio (2022 NY Slip Op 02781)

Ellsworth v Rubio

2022 NY Slip Op 02781

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-02014
 (Index No. 717411/17)

[*1]John Ellsworth, Jr., plaintiff-respondent, 
v
Angel E. Rubio, et al., appellants, Jorge Orlando Muy- Angamarca, defendant-respondent.

Denis J. Kennedy, Garden City, NY (Lorraine M. Korth of counsel), for appellants.
Salerno & Goldberg, P.C., Deer Park, NY (Allen Goldberg of counsel), for plaintiff-respondent.
Cheven Keely & Hatzis, New York, NY (Thomas Torto of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Angel E. Rubio and Noemi Raquel Rubio appeal from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered February 7, 2020. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion of the defendants Angel E. Rubio and Noemi Raquel Rubio for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against the defendants Angel E. Rubio and Noemi Raquel Rubio is denied.
On January 18, 2017, the plaintiff allegedly was injured when a vehicle in which he was a passenger was involved in a two-car collision at the intersection of 20th Avenue and a service road for the Whitestone Expressway. The plaintiff was a passenger in a taxi operated by the defendant Jorge Orlando Muy-Angamarca, which collided with a vehicle operated by the defendant Noemi Raquel Rubio (hereinafter Rubio) and owned by the defendant Angel E. Rubio (hereinafter together the Rubio defendants). Prior to the accident, Muy-Angamarca's vehicle was driving in the right lane of the three-lane service road for the Whitestone Expressway, which was for right turns only, and Rubio's vehicle was driving in the middle lane, from which drivers could either go straight or make a right turn. At the intersection, the vehicles collided when Rubio made a right turn from the middle lane, and Muy-Angamarca's vehicle continued going straight through the intersection from the right lane. Rubio testified at her deposition that at the time of the impact, about three-quarters of her vehicle was already turned onto 20th Avenue.
The plaintiff commenced this action to recover damages for personal injuries against Muy-Angamarca and the Rubio defendants. Thereafter, the Rubio defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiff cross-moved for summary judgment on the issue of liability. In an order dated February 7, 2020, the Supreme Court, inter alia, denied the Rubio defendants' motion and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against the Rubio defendants. The Rubio defendants appeal.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). "[A] driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield" (Cruz v DiSalvo, 188 AD3d 986, 987). Further, "'[a]lthough a driver with a right-of-way . . . has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Jeong Sook Lee-Son v Doe, 170 AD3d at 974, quoting Yelder v Walters, 64 AD3d 762, 764).
Here, the Rubio defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the sole proximate cause of the accident was Muy-Angamarca's vehicle continuing straight through the intersection in disregard of a traffic sign directing that his lane was for right turns only (see Jeong Sook Lee-Son v Doe, 170 AD3d at 974-975; Rohn v Aly, 167 AD3d 1054, 1056; Yu Mei Liu v Weihong Liu, 163 AD3d 611, 612). Based upon Muy-Angamarca's disregard of the traffic sign, he was in violation of the Vehicle and Traffic Law, and thus, he was negligent as a matter of law (see Vehicle and Traffic Law § 1110[a]; Blangiardo v Hirsch, 29 AD3d 841, 842). Rubio was entitled to assume that Muy-Angamarca would obey the traffic sign requiring Muy-Angamarca to turn right (see Cruz v DiSalvo, 188 AD3d at 987). Indeed, the plaintiff testified at his deposition that he observed that Rubio had signaled before making a legal right turn from the middle lane, that Muy-Angamarca "started to accelerate" toward the intersection while Rubio's vehicle was turning, and that he did not believe Rubio was at fault in the happening of the accident. In opposition to the Rubio defendants' prima facie showing, the plaintiff and Muy-Angamarca failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the Rubio defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against the Rubio defendants.
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court