Cheese v Ferguson (2022 NY Slip Op 05308)

Cheese v Ferguson

2022 NY Slip Op 05308

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-00444
 (Index No. 714144/18)

[*1]Garth D. Cheese, appellant,
v
Paul W. Ferguson, et al., respondents.

Andrew Park, PC, New York, NY, for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered December 21, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On March 16, 2018, the plaintiff allegedly was injured in a motor vehicle accident that occurred on the Long Island Expressway. The defendant Paul W. Ferguson (hereinafter the defendant driver) was operating a vehicle owned by the defendant Island Transport Corp. that was heading eastbound on the Long Island Expressway in the third lane from the right. The plaintiff was operating his vehicle in the second lane from the right, when the two vehicles collided.
On September 14, 2018, the plaintiff commenced this action to recover damages for personal injuries against the defendants. Thereafter, prior to the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order entered December 21, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"'Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident'" (Elusma v Jackson, 186 AD3d 1326, 1327-1328, quoting Nesbitt v Gallant, 149 AD3d 763, 763; see Choo v Virginia Transportation Corp., 204 AD3d 743, 744). "'[A] driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield'" (Ellsworth v Rubio, 204 AD3d 978, 980, quoting Cruz v DiSalvo, 188 AD3d 986, 987). "A driver traveling with the right-of-way may nevertheless be found partially responsible for an accident if he or she did not use reasonable care to avoid the accident" (Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974). However, "'[a]lthough a driver with a right-of-way . . . has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (id. at 974, quoting Yelder v Walters, 64 AD3d 762, 764; see Ellsworth v [*2]Rubio, 204 AD3d 978). "[S]ince there may be more than one proximate cause of an accident, drivers who had the right-of-way must establish prima facie that their conduct was not a proximate cause of the accident" (Nesbitt v Gallant, 149 AD3d at 764 [citation omitted]).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law by demonstrating that they were not at fault in the happening of the accident. In support of their motion, the defendants submitted, inter alia, a 12-second dashboard camera video. However, this video does not corroborate the statement of the defendant driver in an accompanying affidavit that the plaintiff's vehicle "suddenly and without warning" cut in front of his vehicle from the right lane. Rather, the video, which depicts slow-moving traffic, demonstrates that the plaintiff's vehicle was visible on the right side of the defendants' vehicle, and was pointed toward the defendant driver's lane of travel for at least five seconds. The video further demonstrates that the defendant driver was looking to the left, and did not turn his head or glance to the right until the impact occurred. Accordingly, the defendants failed to eliminate triable issues of fact as to whether the defendant driver was a proximate cause of the accident.
Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition to the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not address the plaintiff's remaining contention.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court