De Pina v Jerrick Assoc., Inc. (2023 NY Slip Op 02654)

De Pina v Jerrick Assoc., Inc.

2023 NY Slip Op 02654

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-08057
 (Index No. 520412/17)

[*1]Miosoti A. Liriano De Pina, appellant,
v
Jerrick Associates, Inc., et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Brian Rayhill, Elmsford, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 7, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when the vehicle she was operating collided with a vehicle owned by the defendant Jerrick Associates, Inc., and operated by the defendant Daryl M. Osborne at the intersection of Morgan Avenue and Nassau Avenue in Brooklyn. At the time of the accident, Osborne was traveling on Nassau Avenue and the plaintiff was traveling on Morgan Avenue. It is undisputed that a stop sign controlled traffic on Morgan Avenue and that there was no traffic control device on Nassau Avenue at this intersection.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries against the defendants. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Ellsworth v Rubio, 204 AD3d 978, 979 [internal quotation marks omitted]). "Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987). "'[A] driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield'" (Ellsworth v Rubio, 204 AD3d at 980, quoting Cruz v DiSalvo, 188 AD3d at 987). "Further, [a]lthough a driver with a right-of-way . . . has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Ellsworth v Rubio, 204 AD3d at 980 [internal quotation marks omitted]; see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974).
Here, the defendants demonstrated their prima facie entitlement to judgment as a [*2]matter of law dismissing the complaint by establishing that the plaintiff negligently drove her vehicle into the intersection without yielding the right-of-way to Osborne's approaching vehicle, and that this was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Ellsworth v Rubio, 204 AD3d at 980; Cruz v DiSalvo, 188 AD3d at 987). Osborne was entitled to assume that the plaintiff would obey the traffic laws requiring her to yield (see Cruz v DiSalvo, 188 AD3d at 987), and his deposition testimony established that two seconds prior to impact, he observed the plaintiff's vehicle enter the intersection, that he immediately honked his horn, pulled his vehicle to the left, and applied his brakes in an attempt to avoid the collision. Thus, the defendants demonstrated that Osborne was not negligent for failing to avoid colliding with the plaintiff's vehicle (see Jeong Sook Lee-Son v Doe, 170 AD3d at 975; Criollo v Maggies Paratransit Corp., 155 AD3d 683, 683).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that Osborne could have avoided the accident, or that he was otherwise negligent in the operation of his vehicle, were speculative and unsupported by the record (see Cruz v DiSalvo, 188 AD3d at 987). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court