Israel v Nichols (2024 NY Slip Op 01911)

Israel v Nichols

2024 NY Slip Op 01911

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-00501
 (Index No. 727270/21)

[*1]Rayon Dionico Israel, respondent, 
v
Paul Nichols, et al., appellants.

Michael Ferro & Associates, Melville, NY (Kate L. Dorney of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated November 28, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when his vehicle collided with the defendants' vehicle at the intersection of Essex Street and Belmont Avenue in Brooklyn. The plaintiff was operating his vehicle on Essex Street, which was governed by a stop sign. The defendant Paul Nichols was operating a vehicle on Belmont Avenue, which was not governed by a traffic control device. The defendant Tanisha Rosario was the owner of the vehicle operated by Nichols, and she was also a passenger inside this vehicle at the time of the accident. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries.
After joinder of issue, the defendants moved for summary judgment dismissing the complaint, contending that the plaintiff's failure to yield the right-of-way was the sole proximate cause of the accident. In an order dated November 28, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (De Pina v Jerrick Assoc., Inc., 216 AD3d 934, 934 [internal quotation marks omitted]). "Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987; see Wolf v Cruickshank, 144 AD3d 1144, 1145).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff negligently drove his vehicle into the intersection without yielding the right-of-way to the defendants' approaching vehicle and that this was the sole proximate cause of the accident (see Vehicle and Traffic Law §§ 1142[a]; 1172[a]; De Pina v Jerrick Assoc., Inc., 216 AD3d at 935; Cruz v DiSalvo, 188 AD3d at 987).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the defendant driver could have "easily avoided hitting [him]" was not based on any particular facts and was speculative (see Cruz v DiSalvo, 188 AD3d at 897; Breen v Seibert, 123 AD3d 963, 965). Furthermore, the question of whether the plaintiff stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (see Belle-Fleur v Desriviere, 178 AD3d 993, 995; Kraynova v Lowy, 166 AD3d 600, 602).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court