Shestokovich v Goodall (2024 NY Slip Op 04155)

Shestokovich v Goodall

2024 NY Slip Op 04155

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-09322
 (Index No. 608395/21)

[*1]Victoria Shestokovich, appellant, 
v
Hailey R. Goodall, et al., defendants, Carolyn M. Meccia, et al., respondents.

Ratsenberg & Associates, P.C., Brooklyn, NY (Ashley Cohen of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), dated July 6, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Carolyn M. Meccia and Andrew S. Meccia which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was a passenger in a vehicle operated by the defendant Hailey R. Goodall and owned by the defendant Thomas J. Kurtz when it collided with a vehicle operated by the defendant Carolyn M. Meccia and owned by the defendant Andrew S. Meccia (hereinafter together the Meccias) at the intersection of Beverly Avenue and Cartwright Boulevard in Nassau County. Goodall's vehicle was traveling in an easterly direction on Beverly Avenue, which was governed by a stop sign at the subject intersection. Carolyn M. Meccia's vehicle was traveling in a northerly direction on Cartwright Boulevard, which was not governed by any traffic control device.
The plaintiff commenced this personal injury action against the defendants. The Meccias moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated July 7, 2023, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). As the plaintiff correctly points out, an uncertified police accident report submitted by the Meccias was not admissible in support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them (see Yassin v Blackman, 188 AD3d 62). However, the Meccias also submitted transcripts of the deposition testimony of the plaintiff, Goodall, and Carolyn M. Meccia, which demonstrated, prima facie, that Goodall, who was faced with a stop sign at the intersection, negligently drove her vehicle into the intersection without yielding the right-of-way to Carolyn M. [*2]Meccia's vehicle and that Goodall's negligence was the sole proximate cause of the accident (see Shepherd v Bliss, 173 AD3d 795, 796; Kraynova v Lowy, 166 AD3d 600, 602; Yelder v Walters, 64 AD3d 762, 763-764). Goodall admitted during her deposition that she never brought her vehicle to a stop before entering the intersection and that she never slowed down or looked to her left and right before entering the intersection. Carolyn M. Meccia testified during her deposition that she only saw Goodall's vehicle one second prior to the impact and that she could not avoid the impact. In opposition, the plaintiff failed to raise a triable issue of fact as to Carolyn M. Meccia's fault in the happening of the accident (see De Pina v Jerrick Assoc., Inc., 216 AD3d 934, 935).
Accordingly, the Supreme Court properly granted that branch of the Meccias' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court