Canchari v Goberdhan (2025 NY Slip Op 05934)

Canchari v Goberdhan

2025 NY Slip Op 05934

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.

ROBERT J. MILLER

HELEN VOUTSINAS

PHILLIP HOM, JJ.

2024-12334

(Index No. 706976/20)

[*1]Maria Elena Canchari, appellant,

v

Ramdat Goberdhan, respondent.

The Chernyy Law Office, P.C., Staten Island, NY (Borislav Chernyy and Nicholas Penkovsky of counsel), for appellant.

Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for respondent.

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated September 23, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant to recover damages for personal injuries that she alleged she sustained when her vehicle collided with the defendant's vehicle at an intersection in Queens. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff's conduct was the sole proximate cause of the collision. The plaintiff opposed. In an order dated September 23, 2024, the Supreme Court granted the motion. The plaintiff appeals.

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (De Pina v Jerrick Assoc., Inc., 216 AD3d 934, 934 [internal quotation marks omitted]; see Brinkley v STD Trucking Corp., 240 AD3d 566, 567). "Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Yongyong Zhu v Shrestha, 229 AD3d 844, 845 [internal quotation marks omitted]; see Shuofang Yang v Sanacore, 202 AD3d 1120, 1121). "As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law" (Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131; see Jones v Haifeng Zuo, 220 AD3d 933, 934). "'While the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the driver with the right-of-way also has an obligation to keep [a] proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles'" (Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1085, quoting Miron v Pappas, 161 AD3d 1063, 1064; see Roderick v Golden, 230 AD3d 816, 817).

Here, the defendant established, prima facie, that the plaintiff negligently drove her [*2]vehicle into the intersection without yielding the right-of-way and that the plaintiff's negligence was the sole proximate cause of the collision (see Vehicle and Traffic Law § 1142[a]; Israel v Nichols, 226 AD3d 756, 757; Cruz v DiSalvo, 188 AD3d 986, 987). Further, the defendant's testimony at his deposition indicated that he had only seconds to react prior to the collision. "[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764; see Brewster v Riseboro Community Partnership, Inc., 234 AD3d 810, 812). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court