Fogg v Turo, Inc. (2026 NY Slip Op 00493)

Fogg v Turo, Inc.

2026 NY Slip Op 00493

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2024-07520
 (Index No. 522400/20)

[*1]Duval Fogg, appellant, 
vTuro, Inc., et al., defendants, Denise Kingston, respondent.

Morrison & Wagner, LLP, New York, NY (Eric H. Morrison of counsel), for appellant.
James G. Bilello, Westbury, NY (Martha E. Donovan and Douglas Piacentini of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated April 8, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Denise Kingston which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2020, the plaintiff allegedly sustained injuries after a vehicle operated by the defendant Stephon Adams, in which the plaintiff was a passenger, collided with a vehicle owned and operated by the defendant Denise Kingston at an intersection in Staten Island. Kingston was traveling on Arlene Court, which was not controlled by a stop sign, while Adams was traveling on Regis Drive, which was controlled by a stop sign. The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident. Kingston moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her on the ground that she was not at fault in the happening of the accident. In an order dated April 8, 2024, the Supreme Court, inter alia, granted that branch of Kingston's motion. The plaintiff appeals.
"Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987; see Brewster v Riseboro Community Partnership, Inc., 234 AD3d 810). "Even though the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Park v Giunta, 217 AD3d 661, 662).
Initially, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in considering a video of the accident recorded by a doorbell camera. A video recording "may be authenticated by the testimony of a witness to the recorded events . . . that the video[ ] accurately represents the subject matter depicted" (People v Patterson, 93 NY2d 80, 84; see Keene v Rosas, 215 AD3d 938, 939). Here, Kingston properly authenticated the video by [*2]attesting that it was unedited and fairly and accurately depicted the accident (see Keene v Rosas, 215 AD3d at 939; Nesbitt v Gallant, 149 AD3d 763, 764).
Kingston demonstrated her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by establishing that Adams negligently drove his vehicle into the intersection without yielding the right-of-way to Kingston's approaching vehicle, which was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Israel v Nichols, 226 AD3d 756, 757; De Pina v Jerrick Assoc., Inc., 216 AD3d 934, 935; Cruz v DiSalvo, 188 AD3d at 987). Kingston was entitled to assume that Adams would obey the traffic laws requiring him to yield (see Cruz v DiSalvo, 188 AD3d at 987). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that issues of fact remained as to whether Kingston was speeding or had enough time to avoid the collision is speculative and not supported by the record (see Israel v Nichols, 226 AD3d at 757; Cruz v DiSalvo, 188 AD3d at 987).
Accordingly, the Supreme Court properly granted that branch of Kingston's motion which was for summary judgment dismissing the complaint insofar as asserted against her.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court